## United States Court of Appeals for the Tenth Circuit
### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

**Elisabeth A. Shumaker**
Clerk of Court

**Douglas E. Cressler**
Chief Deputy Clerk

February 21, 2006

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 21 2006

GREGORY C. LANGHAM
CLERK

Ms. Martha Ann Paluch
Mr. William J. Leone
Office of the United States Attorney
1225 17th Street
Suite 700
Denver, CO 80202

Mr. John G. Westine, Jr.
USP- Marion
#93555-012
P.O. Box 2000
Route 5
Marion, IL 62959

    Re:    06-1042, In Re: Westine
          Dist/Ag docket:  95-cv-2350-JLK
                              96-cv-79-ZLW

Dear Counsel and Petitioner:

    Enclosed is a copy of the court's final order entered today in this case.

    Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By: *[signature]*
Deputy Clerk

clk:sts

cc:    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

In re:

JOHN G. WESTINE, JR.,

Petitioner.

No. 06-1042

ORDER

Filed February 21, 2006

Before **BRISCOE, HARTZ,** and **McCONNELL,** Circuit Judges.

    John G. Westine has filed a petition for a writ of mandamus. In order to demonstrate entitlement to mandamus relief:

> A petitioner must establish clear abuse of discretion or conduct amounting to usurpation of judicial power by the district court. Also, a petitioner must establish that he lacks alternatives to obtain the relief he desires and that his right to the writ is clear and indisputable.

*Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994) (quotations and citations omitted). Mr. Westine states in his petition that he is seeking a determination from this court "into whether or not the judgments detaining [him] are void." Pet. at 3. He has not, however, identified any abuse of discretion or conduct amounting to usurpation of judicial authority by the district court nor has he established that he has no alternative remedies. In fact, Mr. Westine has two

pending appeals before this court that seek review of the district court's orders denying his two motions to reopen his habeas case based on his assertion that the judgments holding him in jail are void. The petition is therefore DENIED.

Mr. Westine also seeks leave to proceed in this matter without prepayment of costs or fees. Because his mandamus petition is frivolous, that request is also DENIED.

Because of Mr. Westine's long history of repeatedly challenging the same convictions and sentences before this court,[1] and due to his recent flurry of filing activity in the district court and this court, we caution him that any further frivolous original proceedings or appeals may subject him to filing restrictions. *See Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994).

> Entered for the Court
> ELISABETH A. SHUMAKER, Clerk
>
> By: *[signature]*
> Deputy Clerk

---

[1] *See Westine v. United States*, 120 F.3d 271 (10th Cir. 1997); *Westine v. Perrill*, 103 F.3d 145 (10th Cir. 1996), *Westine v. Perrill*, 60 F.3d 838 (10th Cir. 1995).